UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER NORQUOY,

    Plaintiff,

v.                            C.A. No. 1:14-cv-00435-S-LDA

DIMENSION MILLWORKS, L.L.C.,

    Defendant.

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant, Dimension Millworks, LC ("Defendant"), hereby answers the Complaint of Plaintiff Peter Norquoy ("Plaintiff") and files its Affirmative Defenses and Counterclaim. Except as hereinafter expressly admitted, qualified or otherwise, Defendant denies each and every allegation and assertion in the Complaint. For its answer, Defendant states as follows:

### I.    RESPONSE TO PARTIES

1.    Defendant admits that Plaintiff owns an uninhabitable vacation house that is under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island 02886-8352. The remainder of paragraph 1 is denied.

2.    Defendant admits that it is a Texas limited liability company with a place of business located at 702 San Fernando Street, San Antonio, Texas 78207.

### II.    RESPONSE TO JURISDICTION

3.    Defendant denies the allegations in paragraph 3 of the Complaint.

4.    Defendant admits the allegations in paragraph 4 of the Complaint.

5.    Defendant admits that a portion of the millwork that is the subject to this civil action was shipped from Defendant's millworks in San Antonio by Plaintiff to Plaintiff's

uninhabitable vacation house that is under construction in Rhode Island. The remaining allegations of paragraph 5 are denied.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

### III. RESPONSE TO OCCURRENCES

7. Defendant admits that it produces and ships architectural millwork from its millwork plant in San Antonio, Texas. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff came to San Antonio and entered into a contract with Defendant in San Antonio, Texas to make architectural millwork in San Antonio, Texas. Plaintiff was responsible for shipping the architectural millwork for installation in Plaintiff's uninhabitable vacation house that is under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits that the millwork it manufactured was F.O.B. San Antonio. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint. Defendant has not completed the millwork for Plaintiff because of non-payment.

### IV. RESPONSE TO CAUSES OF ACTION

#### Count I - Breach of Contract
(Specific Performance)

14. Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

Defendant denies that Plaintiff is entitled to injunctive relief in the form of an Order from this Court.

## Count II – Breach of Contract
### (Money Damages)

23. Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

Defendant denies that Plaintiff is entitled to compensatory damages or an award of taxable costs.

## Count III – Conversion

25. Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

Defendant denies that Plaintiff is entitled to compensatory damages or an award of punitive damages.

## Count IV – Deceptive Trade Practice

30. Defendant incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

Defendant denies that Plaintiff is entitled to compensatory damages, an award of punitive damages, or an award of taxable costs.

## AFFIRMATIVE DEFENSES

34. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

35. Plaintiff is not entitled to profit from the material and substantial changes to the millwork, causing the original estimate to increase substantially and causing a delay in delivery.

36. Plaintiff is not entitled to be unjustly enriched at Defendant's expense.

37. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

38. Each of the purported claims set forth in Plaintiff's Complaint is barred by the doctrines of waiver.

39. Each of the purported claims set forth in Plaintiff's Complaint is barred by the doctrines of acquiescence.

40. Each of the purported claims set forth in Plaintiff's Complaint is barred by the doctrines of estoppel.

41. Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant but by Plaintiff himself.

42. Plaintiff's claims are barred by the Statute of Frauds.

43. Plaintiff's claims are barred by applicable sections of the Uniform Commercial Code.

44. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm.

45. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Plaintiff, in his Complaint, ¶¶11, 13, and 18 specifies the alleged damages accrued. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

46. Defendant alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the laws of the United States because: (i) an award of punitive of exemplary damages would be unconstitutional under the United States constitution; specifically, the First Amendment to the United States Constitution; (ii) any recovery of punitive exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and (iii) punitive damages would violate the United States Constitution and

common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

47. Defendant specifically pleads the affirmative defense of failure to mitigate damages.

48. Defendant reserves the right to assert additional affirmative defenses as they become known based on discovery and further investigation of this case.

## COUNTERCLAIM

46. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant, by and through Counsel, hereby asserts the following counterclaims against Plaintiff. Defendant reserves the right to assert additional counterclaims as they become known based on discovery and further investigation of this case.

### I. JURISDICTION AND PARTIES

47. Plaintiff Peter Norquoy is a citizen of North Carolina, with a residence address at 504 Pinchot Drive, Asheville, North Carolina 28803-1949.

48. Plaintiff owns and resides in the home at 504 Pinchot Drive, Asheville, North Carolina 28803-1949.

49. Defendant Dimension Millworks, LC is a Texas limited liability company with a place of business located at 702 San Fernando Street, San Antonio, Texas 78207.

50. Plaintiff has submitted to the jurisdiction of this Court by filing his Complaint in the Superior Court of Rhode Island. This Court possess personal jurisdiction over Plaintiff.

51. This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332 in that Plaintiff is a North Carolina citizen and is completely diverse from Defendant, which is a Texas limited liability company having its principle place of business in Texas and a Texas citizen.

52. The amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

53. This counterclaim arises out of the same operative facts as the Complaint.

## II. BREACH OF CONTRACT

54. Plaintiff sought out Defendant in Texas and entered into the contract in San Antonio, Texas for Defendant to manufacture at Defendant's mill works in San Antonio, Texas, architectural millwork including cabinets, vanities, moldings, casings, mantle, doors, flooring, stair treads and risers, and other items.

55. Plaintiff traveled to San Antonio, Texas and negotiated the subject contract with Defendant at Defendant's place of business in San Antonio, Texas and entered into the subject contract in San Antonio, Bexar County, Texas for the manufacture in Texas and shipment F.O.B. San Antonio of the architectural millwork including cabinets, vanities, moldings, casings, mantle, doors, flooring, stair treads and risers, and other items for his vacation house under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island 02886-8352

56. The contract between Plaintiff and Defendant is governed by Texas law.

57. The agreement provided that Plaintiff would take possession of the architectural millwork F.O.B. San Antonio when finished and pay for the shipping of the architectural millwork including cabinets, vanities, moldings, casings, mantle, doors, flooring, stair treads and risers, and other items from Defendant's mill works in San Antonio, Texas to the construction

site for his vacation house under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island 02886-8352.

58. Plaintiff had the sole responsibility for the installation of the architectural millwork including cabinets, vanities, moldings, casings, mantle, doors, flooring, stair treads and risers, and other items in his vacation house under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island 02886-8352 under construction.

59. After Plaintiff entered into the Texas contract for the manufacture in Texas and shipment F.O.B. San Antonio of the architectural millwork including cabinets, vanities, moldings, casings, mantle, doors, flooring, stair treads and risers, and other items for his vacation house under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island 02886-8352, he requested substantial and numerous changes to the architectural millwork and also added substantial and numerous additional architectural millwork to the contract.

60. Over a period of several months, Plaintiff made substantial and numerous changes and additions to the millwork that was originally requested.

61. Plaintiff agreed to pay for the cost of the millwork and pay for all of his substantial and numerous changes and additions to the millwork.

62. It is custom and practice in the industry for a buyer to pay for the cost of the millwork and pay for all of his substantial and numerous changes and additions.

63. In 2002, Defendant manufactured the mill work for Plaintiff's home in Key West Florida and Plaintiff paid for the mill work and also paid additionally for all of the substantial and numerous changes and additions.

64. Plaintiff owes Defendant at least an additional $114,843.11 that he was billed for the substantial and numerous changes and additions that Plaintiff requested in the architectural

millwork including cabinets, vanities, moldings, casings, mantle, doors, flooring, stair treads and risers, and other items he ordered in San Antonio, Texas for installation at his vacation house under construction at 990 Buttonwoods Avenue, Warwick, Rhode Island 02886-8352.

65. Defendant has not been able to complete the architectural millwork because of the failure of Plaintiff to finalize the substantial and numerous changes and additions and pay for the substantial and numerous changes and additions.

66. Defendant offered to complete the architectural millwork upon payment of an additional $114,843.11 for the substantial and numerous changes and additions.

67. In failing to make payment to Defendant for compensation due and owing to Defendant, Plaintiff has breached the contract he entered into with Defendant.

68. Through its conduct as aforesaid, Defendant has rendered services and conferred benefits upon Plaintiff and Plaintiff, absent payment to Defendant, has been unjustly enriched by its retention of such benefits conferred upon Plaintiff by Defendant.

69. Plaintiff's conduct has caused and continues to cause substantial damage to Defendant.

70. As a result of Plaintiff's conduct Defendant is entitled to recover damages from Plaintiff including damages sustained by Defendant from the contract breach of Plaintiff, and attorney fees and costs.

71. All conditions precedent to Defendants' recovery under all causes of action set forth herein have been performed and/or have occurred.

72. The contract between Plaintiff and Defendant was entered into in Texas, wholly performed in Texas and Defendant is a resident of Texas.

73. The contract between Plaintiff and Defendant is governed by Texas law.

74. Pursuant to Texas Civil Practice and Remedies Code chapter 38, Defendant is entitled to recover reasonable attorneys' fees because this suit is for breach of a contract governed by Texas law.

75. Defendant retained counsel, who presented Defendant's claim to Plaintiff.

76. Plaintiff failed to tender any payment or other remedy for his breach of the parties' agreement within 30 days of when the claim was presented to him.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

A. Judgment denying that Plaintiff is entitled to any relief against Defendant based on Plaintiff's claims and dismissing the Complaint with prejudice;

B. Judgment in favor of Defendant on all of its counterclaims;

C. An award of damages, costs, pre-judgment interest and post-judgment interest at the maximum lawful rates and for the maximum lawful periods of time and attorney fees.

D. An award of such other and further relief as the Court shall deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury of all issues triable to a jury.

Respectfully submitted,

DIMENSION MILLWORKS, L.L.C.

By its Attorneys,

/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, III # 6907
BLISH & CAVANAGH
30 Exchange Terrace
Providence, Rhode Island 02108
(401) 831 8900 (tele.)
(401) 751-7542 (fax)
jvc3@blishcavlaw.com

*Local Counsel for Defendant*

Charles W. Hanor
HANOR LAW FIRM PC
750 Rittiman Road
San Antonio, Texas 78209
Telephone: (210) 829-2002
Facsimile: (210) 829-2001
chanor@hanor.com

*Attorney for Defendant*

Dated: October 9, 2014

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 9th day of October, 2014, the within document was filed electronically and made available for viewing and downloading from the Court's Electronic Case Filing System by all parties, represented as follows:

       Neil P. Philbin, Esq.
       1058 Kingstown Rd.
       P.O. Box 3727
       Peace Dale, RI  02883
       nphilbin5305@yahoo.com

                                                      /s/ Joseph V. Cavanagh, III